*612 OPINION.
Kern :
To be eligible for a credit created for the benefit of taxpayers, strict'compliance with the terms of the section granting the credit must be shown. New Colonial lee Co. v. Helvering, 292 U. S. 435; Helvering v. Northwest Steel Rolling Mills, Inc., 311 U. S. 46; Boeckler Lumber Co., 43 B. T. A. 804.
In the instant proceeding petitioner claims the benefit of section 26 (c) (1) and (2) of the Revenue Act of 1936. Both subsections (1) and (2) have several essential requirements in common— i. e., there must exist a written contract executed by the corporation prior to May 1, 1936, a provision of which expressly deals with the payment of dividends and the disposition of earnings and profits of the taxable year.
Here we have a written contract executed prior to May 1, 1936, expressly dealing with dividends and earnings. Two questions then arise', however: First, whether this contract dealt expressly with petitioner’s dividends and earnings, and, second, whether the contract was executed by petitioner. If either of these elements is found to be lacking in our present situation, then the taxpayer is ineligible to claim the credit offered by section 26.
Neither the contract of January 22, 1935, nor the supplemental agreement was executed by petitioner. On each there were but three executing parties: Detchon, the United Telephone & Telegraph Corporation, and the United Telephone & Electric Co. Petitioner asserts that, notwithstanding the fact that the written contract was not executed formally by petitioner, nevertheless, it was executed on behalf of the petitioner by the United Telephone & Telegraph Corporation and, therefore, was binding on petitioner as if petitioner had formally executed the instrument.
Evidence was introduced by petitioner to show that it was a customary practice for United Telephone & Telegraph Corporation to enter into agreements for the whole group of United corporations; but it appears that there never was any written power of attorney executed by the subsidiaries or any other formal agency agreement. Furthermore, no agency is disclosed in the contract. On the contrary, the contract itself states that all the parties thereto were holders of the preferred stock of the United Telephone Investment Corporation, and it appears that they executed the contract as such and not as agents for any corporation. Petitioner was not a holder of any of this preferred stock.
*613 We must conclude that the contract was not executed by the petitioner, within the meaning of section 26. There is no written instrument executed by petitioner granting authority to any other corporation to act as its agent and in no contract in writing does the petitioner appear as a party to be bound. The evidence merely discloses a custom on the part of the United Telephone & Telegraph Corporation to act in contractual matters on behalf of its subsidiaries which acquiesced in such action.
This customary course of conduct may be explained by reason of the fact that United Telephone & Telegraph Corporation owned all o.f the common stock of the corporation which owned practically all the common stock of petitioner. However, a contract signed even by a corporation’s immediate stockholders is not a contract of the corporation binding upon it. American Preservers’ Co. v. Norris, 43 Fed. 711. It has even been held that a contract executed by a corporation’s directors restricting the payment of dividends does not come within the purview of the pertinent section of the act. Thibaut & Walker Co., 42 B. T. A. 29. The testimony to the effect that an officer of petitioner who was also an officer of the several holding companies considered that petitioner was bound by the contract to which it was not a party, is in no way controlling.
Petitioner has failed to show strict compliance with the terms of section 26 (c) (1) or (2), and we, therefore, uphold the validity of respondent’s determination.

Decision will be entered wnder Bule 50.