C. C. CLARK, Inc., v. UNITED STATES.
No. 9928.

Circuit Court of Appeals, Fifth Circuit.

March 3, 1942.

F. E. Hagler, of Memphis, Tenn., for appellant.

Arthur L. Jacobs and J. Louis Monarch, Sp. Ass'ts. to Atty. Gen., and Samuel O. Clark, Jr., Ass't. Atty. Gen., and George T. Mitchell, U. S. Atty., of Tupelo, Miss., and Chester L. Sumners, Ass't. U. S. Atty., of Corinth, Miss., for appellee.

Before SIBLEY, HOLMES, and Mc-CORD, Circuit Judges.

HOLMES, Circuit Judge.

The question .presented for decision is whether appellant was entitled, in the computation of its surtax liability on its undistributed profits for the years 1936 and 1937, to credits as provided by Section 26 of the Revenue Act of 1936, 26 U.S.C.A. Int. Rev. Acts, page 835, for payments made upon certain promissory notes outstanding against it that became due in those years. The credits were not claimed in the taxpayer's returns for those years, and this suit was brought to recover the excess of the taxes alleged to have been erroneously paid by reason thereof. Judgment was entered for the defendant.

The taxpayer was a personal holding company incorporated in 1932. Its assets consisted entirely of corporate stocks transferred to it by C. C. Clark and his wife, in return for which the corporation issued its capital stock and non-interest-bearing demand notes. On October 1, 1934, when large balances were owing on the notes, the directors of the corporation passed a resolution authorizing the issuance of interest-bearing renewal notes payable in annual installments, and directing that the corporation pay $30,000 on said notes on the 1st day of July in the years 1936 and 1937, said amounts to be "set aside out of the income of the corporation without regard to the source" thereof. Renewal notes were issued in accordance with the resolution, and $30,000 was paid thereon during each of the tax years involved.

Section 26(c) (2) of the Revenue Act of 1936 provided that corporations should be allowed a credit against the surtax on undistributed profits, to the extent provided by the tax-imposing sections of the Act, of an amount equal to the portion of the earnings and profits of the taxable year required (by a provision of a written contract executed by the corporation prior to May 1, 1936, which provision expressly dealt with the disposition of earnings and profits of the taxable year) to be paid within the taxable year in discharge of a debt. It is the contention of the appellant that the resolution of its Board of Directors and the promissory notes issued pursuant thereto constituted a written contract as described by the cited section, and that it was entitled to a credit against the tax for the sums paid thereon.

We find it unnecessary to decide the doubtful question whether the resolution of the Board of Directors alone, or in conjunction with the promissory notes, may be considered to be a written contract within the contemplation of Section 26(c) (2), supra. Even if the resolution forms a part of the written contract, there is no provision in it or in the notes expressly dealing with the earnings and profits of the taxable years in which the payments were made. Provision is made only for the payment of fixed sums on fixed dates out of the income, without regard to the source of the income. The statute is expressly limited in .application. The credit it allows may be taken only upon payments on debts maturing during the taxable year payable only from profits earned during that taxable year; and the debts must mature during the taxable year, and must be payable

only from profits earned during that taxable year, under the express provisions of a written contract.

 Under the terms of its contract, appellant might have paid the 1936 and 1937 installments on its debt out of accumulated earnings for prior years. It was also legally bound to pay each installment of the debt as it matured, irrespective of the profits, if any, earned during that taxable year. To entitle the appellant to the credit claimed, it was essential for the contract to require the payment of the 1936 installment out of the earnings for that taxable year, and the payment of the 1937 installment out of the earnings for the year 1937. Since the contract did not expressly require that the respective payments be made from earnings or profits of the respective taxable years, the court below properly concluded that these payments were not made pursuant to a contract conforming in all essential respects to the requirements of Section 26(c) (2).[1]

The judgment appealed from is affirmed.

---

[1] Helvering v. Moloney Electric Co., 8 Cir., 120 F.2d 617. See also Article 26-2 (c) of Treasury Regulations 94; Lafayette Hotel Co. v. Commissioner, 43 B.T. A. 426; Union Telephone Co. v. Commissioner, 44 B.T.A. 607; Lamm Lumber Co. v. Commissioner, 45 B.T.A. 1.