## COMMONWEALTH THEATRES CORPORATION v. COMMISSIONER OF INTERNAL REVENUE.

### No. 12269.

Circuit Court of Appeals, Eighth Circuit.

Oct. 14, 1942.

Arnold F. Schaetzle and Richard E. Williams, both of Des Moines, Iowa, for petitioner.

Helen R. Carloss, Sp. Asst. to the Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key and Harry Marselli, Sp. Assts. to the Atty. Gen., on the brief), for respondent.

Before SANBORN, THOMAS, and JOHNSEN, Circuit Judges.

THOMAS, Circuit Judge.

This case comes before the court on the petition of a taxpayer to review, reverse and set aside a decision (45 B.T.A. 532) of the United States Board of Tax Appeals

finding a deficiency in income tax due for the calendar year 1936 in the sum of $2,191, and to direct the Board in determining undistributed profits for that year to allow a credit in the amount of $24,999.98 and interest.

The single question presented is whether the petitioner is entitled to the credit allowed by § 26 (c) (2) of the Revenue Act of 1936, c. 690, 49 Stat. 1648, 1664, 26 U.S. C.A. Int.Rev.Acts, page 836. This section provides for the allowance of a credit in determining undistributed net income for the purpose of computing undistributed profits surtax "An amount equal to the portion of the earnings and profits of the taxable year which is required (by a provision of a written contract executed by the corporation prior to May 1, 1936, which provision expressly deals with the disposition of earnings and profits of the taxable year) to be paid within the taxable year in discharge of a debt, or to be irrevocably set aside within the taxable year for the discharge of a debt; to the extent that such amount has been so paid or set aside."

Petitioner's contention is that it is entitled to the claimed credit because it was required by the terms of a written contract executed prior to May 1, 1936, to apply the portion of its earnings and profits for 1936 claimed to the discharge of a debt within the year. The commissioner contends that the written contract relied upon neither "expressly deals with the disposition of earnings and profits of the taxable year" nor requires their application to the discharge of a debt.

The petitioner, an Iowa taxpayer, owns property in Omaha, Nebraska, subject to a trust deed, or mortgage. Petitioner's sole source of income consists of rentals received from tenants of its property. The trust deed provides that in event of default in payment of the obligations secured by the trust deed, the trustee is given the right to take and keep possession of the property and to collect the rents. As further security the petitioner has assigned to the trustee all the leases and rents from the property with right of possession and to collect the rents in the event the default continues for 15 days. Pursuant to the terms of the trust deed, dated prior to May 1, 1936, the petitioner made payments in 1936 aggregating $24,999.98. There was no default in that year in the payments required to be made, although at the end of the year petitioner's cash account was overdrawn.

Neither the trust deed nor the assignment of rentals restricted the right of the petitioner to collect and receive the rentals from the mortgaged property in the absence of default; neither contract required the application of the rentals to the payments falling due within the year. Petitioner was free to dispose of the rentals when received in any way it chose; and it was free to apply to the payments due under the trust deed funds derived from any source.

Clearly the obligation of the petitioner to pay its debts in 1936 was not conditioned by the contracts upon the existence of earnings in that year. The obligation existed whether any rentals accrued on the mortgaged property or not. To entitle petitioner to the credit claimed, it was essential for the contract expressly to require the payment of the 1936 installments on the deed of trust and interest out of the earnings for that year. If this fact were not obvious from the language of the statute itself, the point has been so frequently stated and decided by this and other courts that it would be superfluous to extend this opinion in a further attempt to demonstrate it. See Helvering v. Moloney Electric Co., 8 Cir., 120 F.2d 617, 620, certiorari denied 314 U.S. 602, 62 S.Ct. 184, 86 L.Ed. ——; C. C. Clark, Inc., v. United States, 5 Cir., 126 F.2d 292, 294; Nevada-Massachusetts Co. v. Commissioner, 9 Cir., 128 F.2d 347; Oviatt's v. Commissioner, 9 Cir., 128 F.2d 352; Lakeside Irr. Co., Inc., v. Commissioner, 5 Cir., 128 F.2d 418; Crane-Johnson Co. v. Commissioner, 8 Cir., 105 F.2d 740, affirmed 311 U.S. 54, 61 S.Ct. 114, 85 L.Ed. 35; Helvering v. Northwest Steel Mills, 311 U.S. 46, 61 S.Ct. 109, 85 L.Ed. 29; Clover Splint Coal Co. v. Commissioner, 3 Cir., 130 F.2d 52, 55. The fact that the petitioner had no other income than its rentals is immaterial. Commissioner v. Dulup Oil Co., 5 Cir., 126 F.2d 1019.

The decision of the Board is right and it is affirmed.