## HOBBS–WESTERN CO. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 12320.

Circuit Court of Appeals, Eighth Circuit.

Dec. 8, 1942.

See, also, 43 B.T.A. 5.

G. Carroll Stribling, of St. Louis, Mo. (Walter R. Mayne and Fordyce, White, Mayne, Williams & Hartman, all of St. Louis, Mo., on the brief), for petitioner.

William A. Clineburg, Sp. Asst. to the Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key and Joseph M.

Jones, Sp. Assts. to the Atty. Gen., on the brief), for respondent.

Before GARDNER, WOODROUGH, and THOMAS, Circuit Judges.

THOMAS, Circuit Judge.

The United States Board of Tax Appeals redetermined a net income tax deficiency of the petitioning taxpayer for the fiscal year ended October 31, 1937, in the amount of $9,849.29, and the taxpayer seeks a review.

The deficiency results from the disallowance by the Commissioner of a dividend-paid credit claimed by the petitioner under § 26(c) of the Revenue Act of 1936, c. 690, 49 Stat. 1648, 1664, 26 U.S.C.A. Int.Rev. Acts, page 836. Section 14(b) of the Act, 26 U.S.C.A. Int.Rev.Acts, page 823, imposed a surtax upon the undistributed net income of business corporations. Section 26(c) (1) authorized a credit or deduction in computing net income to the extent that dividends were prohibited by "a provision of a written contract executed by the corporation prior to May 1, 1936, which provision expressly deals with the payment of dividends." Section 26(c) (2) authorized a credit for "An amount equal to the portion of the earnings and profits of the taxable year" required "to be paid within the taxable year in discharge of a debt, or to be irrevocably set aside within the taxable year for the discharge of a debt" and "which provision expressly deals with the disposition of earnings and profits of the taxable year."

The claimed credit, which is the subject of the petition for review, consisted of a payment of $75,000 within the taxable year out of earnings and profits for that year in discharge of a debt.

The facts necessary to an understanding of the contentions of the parties are that on December 1, 1935, petitioner entered into a collateral trust agreement with the St. Louis Union Trust Company by the terms of which petitioner issued to the Trust Company twenty bearer notes of $15,000 each evidencing an aggregate loan of $300,000. The notes were all dated December 1, 1935. The first nine notes matured serially on December first in each year from 1936 to 1944 inclusive, and the remaining eleven, totaling $165,000, on December 1, 1945. All the notes were payable at the option of the petitioner on any

interest payment date upon 30 days' prior notice to the holder.

Sections 9 and 10 of Article III of the collateral agreement dealt with payment of dividends and with payment of the notes respectively. These sections read:

"Section 9. The Company [petitioner] will not distribute among its stockholders any part of its capital stock and will not pay any dividends except from surplus profits.

"Section 10. In the event of the payment by the Company of dividends on its stock, the Company will, at the same time, pay on account of the principal of the Notes or any of them a sum equal to the total amount paid out in dividends, the Company having the right to select the Note or Notes on which such payments shall be made."

The earnings and profits of the petitioner for the taxable year ended October 31, 1937, after allowance for excess profits and normal taxes, amounted to $204,501.87. Out of these earnings petitioner during the year paid dividends in the amount of $75,000 and also $75,000 of the collateral bearer notes. In its income tax return for the year petitioner claimed credit under § 26(c) of the Act for both items. The Commissioner allowed a dividend-paid credit under § 27(a) of the Act, 26 U.S.C.A. Int.Rev.Acts, page 837, for the amount paid in dividends and disallowed credit for the $75,000 paid in redemption of the collateral notes.

The questions presented for determination are (1) whether the collateral agreement, particularly sections 9 and 10, prohibited petitioner, within the meaning of § 26(c) (1), from applying the $75,000 actually used for the redemption of notes to the payment of dividends; and (2) whether petitioner under section 10 of the agreement was required by § 26(c) (2) of the Act to pay $75,000 in redemption of the notes or to set aside that amount from earnings and profits for that purpose.

Sections 9 and 10 of the collateral agreement are the only provisions which expressly deal "with the payment of dividends" and "with the disposition of earnings and profits of the taxable year." Upon their face these sections, whether considered together or separately, do not expressly prohibit the distribution in dividends of all the "surplus profits" or "earn-

ings and profits" of the taxable year. Section 10 does not on its face limit the payment of the principal of the notes to be paid by its terms out of any particular fund, either from profits or capital.

The petitioner argues that these sections must be construed to prohibit the distribution of all its "surplus profits" or "earnings" in dividends and to require their application in an amount equal to the portion distributed as dividends to the discharge of collateral notes. The contention is that considering (1) the purpose of the agreement as disclosed by the negotiations and circumstances leading to and inducing its execution, (2) the practical construction placed upon it by the parties, and (3) the alleged fact that there was no other source from which petitioner could have made the payments, the term "surplus profits", as used in section 9, out of which dividends, if any, must be paid, refers to the excess of petitioner's current profits over all of its current obligations, including its obligation to make payments on account of the collateral notes under section 10 in the event of the declaration of dividends. To concede arguendo that such a construction of the contract is reasonable does not aid the petitioner. So to construe the contract one must supply by implication a provision not expressly stated. One must by implication insert in section 10 a provision requiring the notes to be paid out of current earnings and profits. There is no such express provision in section 10.

In Helvering v. Northwest Steel Mills, 311 U.S. 46, 49, 61 S.Ct. 109, 111, 85 L.Ed. 29, the court observed that generally obligations not set out at length in a contract may be supplied by implication; but, referring to § 26(c) (1) of the Revenue Act of 1936, the court declared that "Congress indicated that any exempted prohibition against dividend payments must be expressly written in the executed contract." In Helvering v. Ohio Leather Co., 63 S.Ct. 103, 87 L.Ed. ——, the court made it clear that to come within § 26(c) (2) a contract must contain a clear and express provision requiring the payment or setting aside of earnings "within the taxable year in discharge of a debt." See, also, Commonwealth Theatres Corporation v. Commissioner, 8 Cir., 130 F.2d 875, and Mastin Realty & Mining Co. v. Commissioner, 8 Cir., 130 F.2d 1003.

The burden was on the petitioner to show that the contract came within the exact terms of the statute to entitle it to the credit claimed. Helvering v. Northwest Steel Mills, supra; Helvering v. Ohio Leather Co., supra; White v. United States, 305 U.S. 281, 59 S.Ct. 179, 83 L. Ed. 172. Applying this rule, the foregoing discussion shows that petitioner's contention rests upon an obvious fallacy. The two propositions embodied in the argument are (1) that the term "surplus profits" in section 9 of the agreement means that part of current earnings remaining after deducting the amount required to be paid under section 10 to equal the amount distributed in dividends, and (2) that the agreement requires payments made in redemption of notes under section 10 to come out of current earnings and from no other source. Clearly, the validity of the first proposition is dependent upon the soundness of the second, and, unless the second proposition is true the agreement does not prohibit the distribution in dividends of all the earnings and profits for the taxable year. The second proposition is not sound because section 10 of the agreement does not "expressly" require the notes to be redeemed from current profits. Had it been the purpose of the parties that the payment of notes required to be redeemed under section 10 should be paid from current earnings, it would have been easy to insert a provision to that effect. No distinction was made between the funds to be used in payment of notes redeemed under section 10 and those paid at maturity. In this respect all the notes were upon the same basis.

The decision of the Board of Tax Appeals is affirmed.