**UNITED STATES v. HILLCREST INV. CO.**
No. 12936.

Circuit Court of Appeals, Eighth Circuit.
Jan. 31, 1945.

Helen Goodner, Sp. Asst. to the Atty. Gen. (Samuel O. Clark, Jr. Asst. Atty. Gen., Sewall Key, A. F. Prescott, and George J. Laikin, Sp. Assts. to the Atty. Gen., Maurice M. Milligan, U. S. Atty., and Thomas A. Costolow, Asst. U. S. Atty., both of Kansas City, Mo., on the brief), for appellant.

Frank C. Mann, of Springfield, Mo. (Mann & Mann, of Springfield, Mo., on the brief), for appellee.

Before SANBORN, THOMAS, and RIDDICK, Circuit Judges.

RIDDICK, Circuit Judge.

The question on this appeal is whether the taxpayer is entitled to a credit for 1937 under section 26(c) (1) of the Revenue Act of 1936, 26 U.S.C.A. Int.Rev.Acts, page 836, against the surtax imposed by section 14 of the Act, 26 U.S.C.A. Int.Rev.Acts, page 823, on corporate profits earned but not distributed as dividends during the taxable year. The section under which the credit is claimed by the taxpayer and denied by the Commissioner permits a deduction from the corporate adjusted net income to the extent that such income could not be distributed as dividends "without violating a provision of a written contract executed by the corporation prior to May 1, 1936, which provision expressly deals with the payment of dividends." The claim of the taxpayer was sustained by the District Court, and the United States appeals.

The taxpayer is a Missouri corporation, engaged in business in Springfield, Missouri. Prior to June 20, 1935, it applied to the Southern Missouri Trust Company, a Springfield bank, for a loan of $25,250. The bank agreed to make the loan on condition that the taxpayer, by resolution of its board of directors, agree to pay no dividends until the loan and all renewals were fully paid, and on the further condition that certain collateral be deposited as security for the loan. The negotiations between the bank and the taxpayer were conducted orally up to this point. On June 20, 1935, the board of directors of the taxpayer adopted the following resolution:

"Be it resolved that the President, A. J. Eisenmayer, Jr., acting with the Secretary, W. C. Eisenmayer, of the Hillcrest Investment Company, be and are hereby authorized to borrow money from The Southern Missouri Trust Company of Springfield, Missouri, from time to time, not exceeding $26,750 at any one time on such terms as said acting officer or officers may approve; and such acting officer or officers are hereby authorized to execute and deliver to the Southern Missouri Trust Company of Springfield, Missouri, the obligation or obligations of this company for the same; and are further authorized to pledge out of the monthly rentals from the Hotel Ozarks the sum of $1,000 per month to be applied as part payment monthly on the amount or amounts borrowed from the Southern Missouri Trust Company. When obligation or obligations mature said officer or officers are authorized to renew said loans in part or in full until paid.

"As a consideration for the Southern Missouri Trust Company, Springfield, Missouri, granting the above mentioned loan, and in order to comply with their demand, it was unanimously agreed by the Board of Directors of the Hillcrest Investment Company that no dividend would be paid to the stockholders of the Hillcrest Investment Company until the above mentioned loan be paid in full.

"This resolution shall be in force and good until rescinded and notice of rescission given in writing to the Southern Missouri Trust Company."

This resolution was spread upon the minutes of the taxpayer, and on June 22, 1935, a certified copy of the resolution was delivered by the taxpayer to the bank, which accepted the resolution without objection as a compliance with its demand upon the company for an agreement not to pay dividends until the requested loan had

been fully paid; and, in reliance upon the resolution, the bank lent the taxpayer the sum of $25,250, for which the taxpayer issued to the bank its promissory note for the amount of the loan. A certified copy of the resolution was attached to the note and retained by the bank as a part of the note and of each renewal. The making of the loan was approved by the board of directors of the bank and entered in the minutes of a meeting held on June 24, 1935.

The taxpayer's note was made payable December 18, 1935. Payments upon the principal and renewals for the balance of the note were made from time to time. On December 31, 1937, there remained unpaid $17,250 of the original debt of $25,250.

Of the total tax assessed against the taxpayer for the year ending December 31, 1937, $3,314.42 was assessed because of the disallowance by the Commissioner of Internal Revenue of the claim of the taxpayer that it was entitled to a credit under the provisions of section 26(c) (1) of the Revenue Act of 1936. Having paid the tax as assessed by the Commissioner, the taxpayer claimed a refund of this amount, asserting that the written record of the terms demanded by the bank for the making of the loan, as shown by the certified copy of the resolution, duly signed by its president and secretary, and delivered and accepted by the bank as the taxpayer's agreement that it would not distribute any of its earnings in the form of dividends until the loan was repaid in full, constituted a written contract entitling it to the refund claimed. The Commissioner assigned as a reason for the original assessment of the deficiency that "The resolution of the board of directors of your company does not meet the statutory requirements of section 26(c) (1) of the Revenue Act of 1936." The reason assigned by the Commissioner for the denial of taxpayer's claim for refund was "that corporate charter provisions are not to be considered as written contracts executed by the taxpayer within the meaning of Sec. 26(c) (1)."

The United States contends that the judgment of the District Court sustaining the taxpayer's claim must be reversed because: (1) the corporate resolution set out above is not a contract within the meaning of section 26(c) (1) of the Revenue Act of 1936; (2) the corporate resolution does not contain a binding restriction against the payment of dividends; (3) the taxpayer could have paid the indebtedness in 1937 and removed the restriction, if any, against the payment of dividends; and (4) the credit claimed under section 26(c) (1) is precluded by the proper computation of the tax even though the restriction claimed existed.

The last two assignments are not open to our consideration. Neither issue was raised in the District Court. Ralph Knight, Inc., v. Mantel, 8 Cir., 135 F.2d 514. The taxpayer's complaint in the District Court set up nothing more than its claim for a credit on the tax assessed against it on the ground that it could not distribute dividends in the taxable year without violating the provisions of a written contract executed prior to May 1, 1936, and expressly dealing with dividends. The answer of the United States was merely a denial of the claim asserted in taxpayer's complaint. The stipulation of facts upon which the case was tried set out the resolution relied on by the taxpayer and the facts concerning its delivery to and acceptance by the bank, and contained the following paragraph: "In the event the Court finds the issues in favor of the plaintiff judgment shall be rendered in favor of the plaintiff and against the defendant in the sum of $3,314.42, together with interest thereon at the rate of six (6%) per cent per annum from July 31, 1940, as provided by law."

In its memorandum opinion the District Court, after reciting the contentions of the parties arising under section 26(c) (1) of the Revenue Act of 1936, said [55 F.Supp. 147, 148]: "The only question, therefore, for decision is whether the plaintiff was in fact under the restriction of a contract in writing 'expressly' dealing with the payment of dividends and forbidding their payment." Nothing in the record indicates that the issues on the assignments under discussion were ever presented in the District Court.

We conclude that the first and second grounds urged for reversal must be denied. The right to a credit under section 26(c) (1) "must be found exclusively in the language of the contract and be demonstrated completely by it." Helvering v. Northwest Bancorporation, 8 Cir., 140 F. 2d 958, 962. The section grants a special exemption from a tax generally imposed by the Act of 1936 and must be strictly construed. Helvering v. Northwest Steel Rolling Mills, 311 U.S. 46, 49, 61 S.Ct. 109, 85 L.Ed. 29. The burden is upon the taxpayer

claiming the credit allowed by the section in question to show compliance with the exact terms of the section without resort to implication. Helvering v. Ohio Leather Co., 317 U.S. 102, 106, 63 S.Ct. 103, 87 L. Ed. 113. The contract relied on as the basis for the credit claimed must be enforcible against the taxpayer and must expressly deal with the payment of dividends. See Harding Glass Co. v. Commissioner, 8 Cir., 142 F.2d 41, 44; Valentine-Clark Corporation v. Commissioner, 8 Cir., 137 F.2d 481; Hobbs-Western Co. v. Commissioner, 8 Cir., 133 F.2d 165; Helvering v. N. O. Nelson Co., 8 Cir., 133 F.2d 846; Mastin Realty & Mining Co. v. Commissioner, 8 Cir., 130 F.2d 1003. The contract relied on by the taxpayer in this case meets the test stated in the authorities cited.

In Mastin Realty & Mining Co. v. Commissioner, supra, we held that a resolution adopted by the board of directors of a corporation and spread upon its minutes, reciting that the liability of the company for money borrowed for current financing should be discharged in full before the declaration of any dividends within each year, was, in the facts of that case, a mere declaration of corporate policy. This court pointed out in its opinion that nothing in the resolution connected it with any particular debt or creditor of the corporation, nor showed that it was adopted as written evidence of the corporation's agreement with any particular creditor, and further that it was not signed by the officers of the corporation usually authorized to execute contracts, nor delivered to the creditor of the corporation with whom the contract was claimed to have been made. The opposite of this situation exists in the present case. The resolution in this case shows on its face that it was adopted in response to the demand of the bank as the agreement on which it was willing to lend the corporation the money for which it was indebted at the end of the taxable year, and to evidence in writing the corporation's agreement that it would not distribute dividends while the money borrowed from the bank remained unpaid. Moreover, a certified copy of the resolution, duly executed by the president and secretary of the taxpayer, was delivered to the bank and accepted by it as the corporation's agreement not to distribute dividends while its debt to the bank remained unpaid. On the faith of the written resolution dealing expressly with the payment of dividends and expressly prohibiting the payment of dividends by the corporation, certified by the president and secretary of the corporation and by them delivered to the bank, the corporation received the loan for which it had applied, and became bound to the bank according to the terms of the resolution. The resolution meets all the terms of the contract required by section 26(c) (1). Monarch Theatres v. Helvering, 2 Cir., 137 F.2d 588, 590, 591. Cf. Lehigh Structural Steel Co. v. Commissioner, 3 Cir., 127 F.2d 67.

Nor does the inclusion in the resolution of the provision that "This resolution shall be in force and good until rescinded and notice of rescission is given in writing to the Southern Missouri Trust Company" destroy its binding effect as a contract. Obviously, section 26(c) (1) presupposes a contract binding upon the corporation as a condition for the allowance of the credit provided by the section. But it is also obvious that the question of whether a particular contract, otherwise meeting the requirements of section 26(c) (1), is enforcible against the taxpayer claiming the credit allowed by the section does not arise under Federal law but under the controlling State law. Morgan v. Commissioner, 309 U.S. 78, 80, 626, 60 S.Ct. 424, 84 L.Ed. 585; Blair v. Commissioner, 300 U.S. 5, 9, 57 S.Ct. 330, 81 L.Ed. 465.

In the present case the taxpayer relies upon a written contract which, as required by the Federal law, is executed by the corporation, deals expressly with dividends, and expressly prohibits their payment. The question is whether the prohibition of the payment of dividends is valid and binding on the taxpayer, because of the inclusion in the contract of a provision for its rescission by the taxpayer upon certain conditions. It is admitted that the power of rescission has never been exercised by the taxpayer. The question concerns the construction of the contract and not the construction of the Federal act. We think it can not be doubted that the taxpayer in this case was bound by its agreement with the bank not to distribute dividends until any loan made by the bank on the faith of the corporation's agreement to that effect was repaid in full. The contract must be construed as a whole, all of its provisions read together, and a construction adopted, if possible, which will render none of its terms meaningless. Paisley v. Lucas, 346 Mo. 827, 143 S.W.2d 262, 268; E. I. Dupont de Nemours & Co. v. Claiborne-Reno Co., 8 Cir., 64 F.2d 224,

227, 228, 89 A.L.R. 238. The resolution authorized the president and secretary of the taxpayer to borrow money from time to time from the bank in such amounts as they thought necessary, not to exceed $26,750, to borrow the money from the bank on such terms as the authorized officers should approve, to give the taxpayer's notes as evidence of the loans, to renew them from time to time, and to pledge certain collateral as security for them. The provision for written notice to the bank must be given some effect, and, if it is given any, it must be construed to mean that the taxpayer reserved the right to terminate the power of its officers authorized by the resolution only after notice to the bank. It can not in reason be said that, because of the right of rescission reserved to the taxpayer, it retained the power under the resolution to deny the authority conferred upon its officers after its exercise, or to withdraw at will from the agreements which the resolution authorized the officers to make with the bank in order to secure a loan and on the faith of which the bank made the loan to the taxpayer.

The judgment of the District Court is affirmed.